United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60165
Summary Calendar

———————————————

NOUHAD RACHED EL HAJJAOUI,

                                                Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                                Respondent.

--------------------
Petition For Review of an Order of the
Board of Immigration Appeals
BIA NO. A29-184-563
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Nouhad Rached El Hajjaoui ("Hajjaoui") filed a 28 U.S.C.
§ 2241 petition for writ of habeas corpus in district court
challenging his detention without bond while the Immigration and
Naturalization Service conducted removal proceedings.  In his
petition he asserted, <u>inter</u> <u>alia</u>, a claim that he was a national
of the United States.  The district court denied Hajjaoui's

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

habeas corpus petition and transferred Hajjaoui's nationality claim to this court.

28 U.S.C. § 1631 permits a transfer if this court would have been able to exercise jurisdiction on the date that the case was filed in the district court, the district court lacked jurisdiction over the case, and the transfer is in the interest of justice. Hajjaoui filed his 28 U.S.C. § 2241 petition in the district court prior to the date that the immigration judge issued the removal order and he did not appeal the removal order to the Board of Immigration Appeals. Therefore, this court could not have exercised jurisdiction over the petition on the date that Hajjaoui filed the petition in district court. See 8 U.S.C. § 1252(b)(1) (petition for review must be filed not later than 30 days after the date of the final order of removal); 8 U.S.C. § 1252(d)(1) (a court may review a final order of removal only if the alien has exhausted all administrative remedies as of right); Emejulu v. INS, 989 F.2d 771, 771 (5th Cir. 1993) (noting that this court would not assume original jurisdiction over habeas corpus claim).

DISMISSED for lack of jurisdiction.